IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA MILLER; DAVID McGUIRE,<br><br>             Plaintiffs,<br><br>       v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS; THE ATTORNEY GENERALS OFFICE; EDMUND G. "JERRY" BROWN, JR., an individual; JULIE HARLAN, an individual; DAVID J. NEIL, an individual; JILL H. TALLEY, an individual; LEWIS KUYKENDALL, an individual; KATHY BIDD, an individual; DOES ONE through TEN, inclusive,<br><br>             Defendants. | 2:10-cv-02850-GEB-DAD<br><br><u>ORDER DISMISSING PLAINTIFFS' FEDERAL CLAIMS WITH PREJUDICE AND PLAINTIFFS' STATE LAW CLAIMS WITHOUT PREJUDICE</u> |

Pending is the Attorney General's Office's "Matter in Abatement and Motion to Dismiss" ("Motion to Dismiss") which was filed on December 7, 2010, and was scheduled for hearing on January 28, 2011. (ECF No. 9.)  Since Plaintiffs were proceeding in propria persona when the Motion to Dismiss was filed, the case was referred to the magistrate judge under Local Rule 302(c)(21). Also pending is the "Special Motion to Strike Strategic Lawsuit Against Public Participation (Anit-SLAPP Motion) and Motion to Dismiss" which was filed on January 14, 2011 by the following parties: California Department of Corrections and Rehabilitation ("CDCR"), the Attorney General's Office, Julie Harlan, David J. Neil, and Jill H. Talley's ("Defendants").  The motion filed on

1

January 14, 2011 was scheduled for hearing before the magistrate judge on February 18, 2011. (ECF NO. 13.) The magistrate judge ordered Plaintiffs to file opposition briefs to both motions by February 4, 2011. (ECF No. 14.) Plaintiffs complied with this order and thereafter retained counsel. (ECF Nos. 18-20.) Since Plaintiffs retained counsel, the motions were rescheduled to be heard before the undersigned district judge on May 2, 2011. (ECF Nos. 22-23.)

The Attorney General's Office argues in its Motion to Dismiss that this case should be dismissed since it "is duplicative of and sets forth the same causes of action and seeks the same relief as" an action previously filed by Plaintiff Edna Miller, case number 2:10-cv-01699-GEB-DAD ("previous action"). (Notice of Hearing on Mot. to Dismiss 2:7-9.) After the pending Motion to Dismiss was filed in this action, the Court issued an order in the previous action which dismissed Miller's federal claims with prejudice and Miller's supplemental state claims without prejudice; judgment was subsequently entered on March 31, 2011. (Previous Action, ECF No. 63, 64.) Defendants argue in their reply brief that in light of the dismissal order in the previous action, their Motion to Dismiss which is based on the theory of "abatement . . . is more properly a motion to dismiss based on the principles of res judicata." (Reply in Supp. of Mot. to Dismiss 5:8-9.)

## I. DISCUSSION

Plaintiffs allege in their First Amended Complaint ("FAC") the following seven claims: 1) "First And Fourteenth Amendment Retaliation In violation of 42 U.S.C. § 1983" ("§ 1983"); 2) "Discrimination Violation of Public Policy FEHA"; 3) "Defamation/Libel"; 4) "Intentional Interference with Economic Relationship"; 5) "Fourteenth Amendment Denial of Equal Protection In Violation of" § 1983;  6) "Civil

Liberties"; and 7) "Intentional Infliction of Emotional Distress". (Current FAC ¶¶ 46-123.) However, two of these claims are comprised of more than one claim; Plaintiffs' second claim alleges violations of the Fair Employment and Housing Act ("FEHA") and the Family Medical Leave Act ("FMLA") and Plaintiffs' fourth claim alleges violations the Gramm-Leach-Bliley ("GLB") Act, codified at 15 U.S.C. § 6801, and allegations of intentional interference with a business relationship. Id. ¶¶ 63-81, 93-111. Further, only Plaintiffs' fourth claim alleges facts related to Plaintiff David McGuire. Id. ¶¶ 97, 108, 111.

### A. CLAIM PRECLUSION

"Res judicata encompasses the doctrines of claim preclusion and issue preclusion." Paulo v. Holder, --- F.3d ----, 2011 WL 1663572, at *5 (9th Cir. 2011). "[C]laim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action . . . [and] applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (citations and internal quotation marks omitted).

### 1. IDENTITY OF CLAIMS:

> In determining whether successive claims constitute the same cause of action, we consider (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare and Training Trust Funds v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993) (internal quotation marks omitted). "Whether two events are part

3

of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Id. (internal quotation marks omitted).

The facts alleged in the instant action are nearly a verbatim recitation of the facts alleged in the previous action. (Case No. 2:10-cv-2850-GEB-DAD, ECF No. 5 ("Current FAC") ¶¶ 26-44; Case No. 2:10-cv-1699-GEB-DAD, ECF No. 5 ("Previous FAC") ¶¶ 17-33.) Therefore, both actions "arise out of the same transactional nucleus of facts" and constitute identity of claims sufficient to satisfy this element of the claim preclusion doctrine. Karr, 994 F.2d at 1429.

**2. IDENTITY OR PRIVITY BETWEEN PARTIES**

"'Privity' . . . is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052–53 (9th Cir. 2005) (citation and quotation marks omitted). "Privity, traditionally, ar[ises] from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest." Id. at 1053.

The current action includes a new plaintiff, David McGuire, and adds three new defendants, Edmund G. "Jerry" Brown, Lewis Kuykendall, and Kathy Bidd. Defendant Brown is in privity with the Attorney General's Office, as he is alleged to be the Attorney General for the State of California. Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 691–92 (9th Cir. 2007) (agents and employees are in sufficient privity to invoke claim preclusion). Similarly, Defendants Lewis Kuykendall and Kathy Bidd are in privity with the CDCR since they are

alleged to be employees and the "offending party of the CDCR." (Current FAC ¶¶ 19-20.)

Defendants argue McGuire is in privity with Miller since he was adequately represented by Miller in the previous action. (Mot. to Dismiss 7:26-8:4.) However, sufficient reason has not been provided to conclude that McGuire is in privity with Miller. Therefore, the doctrine of claim preclusion does not apply McGuire's claim. However, Miller's claims satisfy this element of the claim preclusion doctrine since there is identity of parties and privity among the parties.

### 3. FINAL JUDGMENT ON THE MERITS

"The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" Stewart, 297 F.3d at 956. "Federal Rule of Civil Procedure 41(b) states that '[u]nless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Id.

Miller's federal claims were dismissed with prejudice in the previous action and this is a judgment on the merits which satisfies the final element for claim preclusion. However, Miller's claim alleged under the FMLA was dismissed for lack of jurisdiction; since this dismissal is not a final judgment on the merits, this claim does not satisfy the final element of claim preclusion. Further, Miller's state law claims were dismissed without prejudice and do not satisfy the final element of claim preclusion.

Accordingly, the following three claims are dismissed under the claim preclusion doctrine: Miller's first claim, alleging First and Fourteenth Amendment retaliation in violation of § 1983; the portion of

Miller's fourth claim alleging a violation of the GLB Act; and Miller's fifth claim, alleging denial of equal protection in violation of the Fourteenth Amendment and § 1983. (Current FAC ¶¶ 48-58; 97-108; 29:10-30:23.)

### B. MILLER'S FMLA CLAIM

Miller alleges in her FMLA claim that she was on medical disability leave in 1998 and was entitled to unpaid leave and maintenance of health benefits at all times thereafter, but Defendants retaliated against her by suspending her medical benefits in 2002 and again in 2005 through 2010. (Current FAC ¶¶ 72-81.) Miller bases her FMLA claim on 29 U.S.C. § 2612(a)(1)(D), FMLA's "self-care" provision, which permits an employee to take leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." Id. However, "Congress did not validly abrogate sovereign immunity as to the FMLA's self-care provision." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 194 (4th Cir. 2010) (joining the other circuit courts to consider the issue; the 5th, 6th, 7th, and 10th Circuits). Therefore, Miller's claim under the FMLA's "self-care" provision is dismissed with prejudice.

### C. McGUIRE'S FEDERAL CLAIM

Plaintiff David McGuire's only claim is for "Intentional Interference With Economic Relationship". (Current FAC ¶¶ 97, 108, 111.) This claim alleges Defendants violated the GLB Act and intentionally interfered with a business relationship. Id. ¶¶ 93-111.

McGuire's GLB Act claim is dismissed with prejudice since no defendant in this action is a financial institution subject to the provisions of the GLB Act. See e.g. American Bar Ass'n v. F.T.C., 430 F.3d 457, 466-73 (D.C. Cir. 2005) (concluding that the privacy

provisions of the GLB Act do not apply to attorneys engaged in the practice of law).

### D. STATE LAW CLAIMS

Plaintiffs' claims for "Discrimination Violation of Public Policy FEHA", "Defamation/Libel", "Intentional Interference with Economic Relationship", "Civil Liberties", and "Intentional Infliction of Emotional Distress" are brought under state law. (Current FAC ¶¶ 63-123.) However, since all federal claims have been dismissed, the Court declines to continue exercising supplemental jurisdiction over Plaintiffs' remaining state claims. Therefore, Plaintiffs' state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3). See Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). Therefore, the federal court need not reach the merits of Defendants' Anti-SLAPP Motion.

### II. CONCLUSION

Plaintiffs' federal claims are dismissed with prejudice, and the state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3). This action shall be closed.

Dated: September 21, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge